IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| SHED BOOKER,<br>　　　*Plaintiff,*<br><br>vs.<br><br>LOUIS DEJOY, POSTMASTER<br>GENERAL, U.S. POSTAL SERVICE<br>　　　*Defendant.* | CIVIL ACTION NO. 5:22-cv-180 |

ORIGINAL COMPLAINT
AND JURY DEMAND

TO THE HONORABE JUDGE OF THE COURT:

Plaintiff, Shed Booker, files his Original Complaint and Jury Demand against Defendant, and in support thereof would show the Court as follows:

## I.　INTRODUCTION

1. Plaintiff is an African American who was continuously harassed, bullied, and discriminated against during his short employment with Defendant. Such continuous harassment, bullying, and discrimination created a hostile work environment.

2. Plaintiff reported the discrimination to his superiors who failed to take action regarding the discrimination.

3. Plaintiff was then retaliated against and forced to work in an increasingly hostile work environment after he complained to his supervisors.

4. Plaintiff has exhausted his administrative rights with U.S. Equal Employment Opportunity Commission and received a Notice of Final Action and right to file a civil action. Exhibit A.

## II.　JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §1331, jurisdiction is proper because this Court has subject matter jurisdiction over Title VII claims and personal jurisdiction over Defendant.

6. The venue is proper. Pursuant to 42 U.S.C. § 2000e–5(f)(3), Title VII has its own venue provision, which supersedes the general federal venue rules. Defendant conducted business in the State of Texas and has had sufficient minimum contacts, such that it has purposefully availed itself to the jurisdiction of this Court.

### III. PARTIES

7. Plaintiff, Mr. Booker, is an individual residing in Bexar County, Texas.

8. Based upon information and belief, Defendant, Louis DeJoy, Postmaster General, United States Postal Service, is a federal agency and is authorized to do business in Texas. It employed Mr. Booker in one of its Bexar County, Texas, facilities where the acts of discrimination took place.

### IV. MISNOMER/MISIDENTIFICATION

9. In the event any party is misnamed or is not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such are/were "alter egos" of parties that are named herein. Alternatively, Plaintiff contends that such "corporate veils" should be disregarded in order to hold such parties properly responsible in the interest of justice.

### V. RESPONDEAT SUPERIOR

10. Defendant's employees involved in the conduct described herein were, at all times, employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

### VI. FACTUAL ALLEGATIONS

11. Mr. Booker is African American.

12. Mr. Booker was an employee for the Defendant. He began his employment in the beginning of August 2018, was wrongfully terminated on October 24, 2018.

13. Throughout his employment he was subjected to a racially hostile work environment, experienced continuous bullying, and was harassed by his supervisor, all of which Mr. Booker reported to his superiors at Defendant in compliance with internal procedure. The following are but a few examples,

   a. On August 20, 2018, Mr. Booker's supervisor, Mr. Del Voda Harris, called him out in front of other employees stating, "I don't' see you taking notes, while you standing there with your hands in your pocket, we going to see when you get the street." Mr. Booker was treated differently than white employees who were also standing and not taking notes.

   b. On August 24, 2018, Mr. Harris whispered something in Ms. Susan DeCano's ear, and she said, "oh he does." She then looked Mr. Booker up and down, adding rudely, "You are on Route 29." Route 29 was a code name for being isolated because that employee had been targeted for discipline or termination.

   c. Mr. Booker was repeatedly singled out in front of other employees and told to, "hustle up" by Mr. Harris. Yet, Mr. Booker was performing the same workload as other white employees.

   d. On September 10, 2018, another employee met Mr. Booker on his route and told Mr. Booker that his supervisor, Mr. Harris, told him to return the station with his parcels. Mr. Booker immediately complied without objection and returned the parcels. The following week, on September 17, 2018, Mr. Booker was given a pre-disciplinary writeup because Mr. Harris denied telling him to bring the parcels back. – Mr. Booker explained that he was following directions. Yet, the discipline writeup stood. – If Mr. Harris is to be believed that he did not want Mr. Booker to bring the parcels back, why did he wait a week to confront Mr. Booker, and why did the white employee who instructed Mr. Booker to bring the parcels back not get disciplined.

   e. The same day that Mr. Booker received the disciplinary writeup, September 17, 2018, Mr. Booker was called into his manager, Mr. Arnold Pena's office for allegedly making "unsubstantiated" accusations that he was being aggressive. Mr. Booker denied being aggressive and stated complaints that Mr. Harris was harassing, bullying, and discriminating against him. Based upon belief, Mr. Pena took no action regarding Mr. Booker's complaints.

  f. Following Mr. Booker's complaint on September 17, 2018, Mr. Booker was shunned and treated differently. He was given the cold shoulder and it was obvious that he was being retaliated against for making a report of discrimination against Mr. Harris.

  g. As a result of being isolated and treated differently, on October 22, 2018, Mr. Booker filed his formal complaint of discrimination with the Equal Employment Opportunity Commission.

  h. Just two days after filing a formal complaint of discrimination, on October 24, 2018, Mr. Booker was terminated in retaliation for filing a complaint with the Equal Employment Opportunity Commission.

14. Mr. Booker's superiors did not take the harassment seriously and failed to conduct a proper internal investigation regarding the serious claims of racial discrimination.

15. After exhausting all internal procedures, Mr. Booker filed his complaint with the U.S. Equal Employment Opportunity Commission. When Mr. Booker's supervisors found out about the Complaint, Mr. Booker was terminated in retaliation just two days later.

16. Plaintiff has exhausted his administrative rights with the EEOC and received a right to file a civil action from the EEOC on December 9, 2021.  Exhibit A.

## VII. CAUSES OF ACTION

### COUNT I
### DISCRIMINATION, RETALIATION, AND
### WRONGFUL TERMINATION BASED ON RACE,
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### AND UNDER TEX. LABOR CODE CHAP. 21

17. Prior to his termination, Plaintiff had faithfully served Defendant in his capacity as an employee and faithfully performed all duties expected of him. The acts committed by the agents, servants and/or employees of the Defendant in discriminating against, retaliating against, and wrongfully terminating Plaintiff based on his race all constitute violations of Title VII of the Civil Rights Act of 1964 and the Tex. Labor Code Chap 21, including §§ 21.051, 21.055, and any other applicable provisions.

## COUNT II
## DISCRIMINATION BASED ON RACE
## UNDER TEXAS LAW

18. The evidence will demonstrate:

   a. Plaintiff belongs to a protected class based on race;

   b. Plaintiff was qualified for his position;

   c. Plaintiff was subjected to adverse employment action(s); and,

   d. Others outside Plaintiff's protected class were not treated similarly.

### VIII.   ADMINISTRATIVE FILINGS

19. On or about October 22, 2018, Plaintiff filed a charge with the Equal Employment Opportunity Commission.

20. On December 9, 2021, Plaintiff received from the Equal Employment Opportunity Commission a Notice of Final Action giving Plaintiff notice of his right to file a civil action within 90 days of its receipt. A copy is attached hereto as Exhibit A.

### IX.   DAMAGES

21. Plaintiff has alleged that as a direct and proximate result of the conduct and/or omissions on the part of Defendant, he is entitled to recover at least the following legal damages:

   a. Lost wages;
   b. Mental anguish, and emotional distress suffered in the past;
   c. Mental anguish, and emotional distress which, in all reasonable probability, will be suffered in the future;
   d. Punitive Damages;
   e. Reasonable attorneys' fees, expert fees, and costs,
   f. pre-judgment and post-judgment interest as provided by law; and,
   g. such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

### X.   RESERVATION OF RIGHT TO AMEND

22. Plaintiff expressly reserves the right to amend this Complaint in accordance with the Rule

15(a)(2), or as equity or justice would require.

## XI.     JURY DEMAND

23.  Plaintiff hereby requests a trial by jury of all issues of fact in this case and herewith tender the jury fee.

## XII.     PRAYER FOR RELIEF

24. WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both pre-judgement and post-judgement interests as allowed by law, attorneys' fees and for such other and further relief in law or equity to which Plaintiff may be justly entitled.

Dated: February 25, 2022,

Respectfully Submitted,
*/s/Joshua H. Sisam*
   Joshua H. Sisam, Esq.
     TX#24079346
   MN#039476

   SISAM & ASSOCIATES, LLP
   110 Industrial Dr.
   Boerne, TX 78006
   Phone: (830) 428-0333
   Fax: (830) 331-1027
   josh@sisam.com

   *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on the 25th day of February 2022, I filed the forgoing document with the Clerk of Court using the Western District of Texas CM/ECF system which will send notification of such filing to all attorneys of record who are registered users of the CM/ECF system

> */s/ Joshua H. Sisam*
> Joshua H. Sisam, Esq.

National EEO Investigative Services Office                                      December 09, 2021



# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY
# CASE
# IN THE MATTER OF:

Shed Booker
PO Box 701062
San Antonio TX 78270-1062
Complainant,

Vs.

Louis DeJoy
Postmaster General
Respondent
Southern Area
U.S. Postal Service

USPS Tracking # Representative : 9114 9022 0078 9021 5487 45

USPS Tracking # Complainant : 9114 9022 0078 9021 5487 38

EEOC Case No. : 451-2019-00134X
Agency Case No : 4G-780-0222-18
Date Filed : 10/31/2018

## NOTICE OF FINAL ACTION

In accordance with Title 29, Code of Federal Regulations, Part 1614.110(a), this is the U.S. Postal Service's Notice of Final Action in your complaint of discrimination identified above.

On November 18, 2021, Administrative Judge Brett H. Sell of the Equal Employment Opportunity Commission (EEOC) issued a decision that was received by the Postal Service on November 18, 2021.

I have reviewed the entire record, including the investigative file and I agree with the Administrative Judge that you have not shown that you were the victim of illegal discrimination. Consequently, I have decided to implement the decision of the AJ.

### APPEAL TO THE EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, within 30 calendar days of your receipt of this decision. You may file your appeal by several alternative methods. You may use the EEOC's Public Portal located at https://publicportal.eeoc.gov/, where you can also upload selected documents, and manage your personal and representative information. You may mail your written appeal to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013-8960 or submit by facsimile to (202) 663-7022. If you elect to file an appeal by fax or mail you must use Form 573, a copy of which is enclosed. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. **If you use EEOC's Public Portal to file an appeal or submit a brief, you will select USPS Field Areas and Regions as your agency.** Further if you use the Public Portal you do not need to serve a copy to the agency. If you mail or fax your request for an appeal, you must also submit a copy of the appeal or brief to the National EEO Investigative Services Office, NEEOISO - FAD, USPS, P.O. Box 21979, Tampa FL 33622-1979 and submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the NEEOISO.

You are advised that, if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

EXHIBIT A

Shed Booker
Notice of Final Action

Page 2 of 2

## Right to File Civil Action

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned:

**SHED BOOKER V. LOUIS DEJOY, POSTMASTER GENERAL**

You may request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

*Edwin Bermudez*  12/9/2021

EEO Services Analyst
PO Box 21979
Tampa FL 33622-1979

Enclosure: Appeal Form 573

cc: Brett H. Sell, Administrative Judge
San Antonio District Office
5410 Fredericksburg Rd #200
San Antonio TX 78229-3550

Charles E. Booth
ELO Central USPS Law Department
PO Box 227078
Dallas TX 75222-7078

Joshua Sisam Esq
110 Industrial Dr
Boerne TX 78006-3305

EXHIBIT A

# NOTICE OF APPEAL/PETITION - COMPLAINANT
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ____ Yes; Date Received _____ (Remember to attach a copy)<br>____ No<br>____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | ____ No<br>____ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ____ No<br>____ Yes **(Attach a copy of the civil action filed)** |

NOTICE: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the Commission Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the Commission at the address above.

Please specify any reasonable accommodations you will require to participate in the appeal process:

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |
| Method of Service on Agency: | |
| Date of Service: | |

EEOC Form 573 REV 2/09

<span style="color:red">EXHIBIT A</span>

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, February 2009
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and effectively adjudicate appeals filed by federal employees, former federal employees, and applicants for federal employment.
4. **ROUTINE USES**: Information provided on this form may be disclosed to: (a) appropriate federal, state or local agencies when relevant to civil, criminal, or regulatory investigations or proceedings; (b) a Congressional office in response to an inquiry from that office at your request; and (c) a bar association or disciplinary board investigating complaints against attorneys representing parties before the Commission. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

You may send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

Fax it to (202) 663-7022 or submit it through the Commission's electronic submission portal.

EXHIBIT A